**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

CHRISTOPHER DON PENNINGTON,                                          PLAINTIFF
ADC #149290

1:19CV00049-DPM-JTK

WENDY KELLEY, et al.                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief

Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Christopher Pennington is a state inmate incarcerated at the Grimes Unit of the

Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action. He alleged

Defendants Johnson and Bailey acted with deliberate indifference to his safety needs and failed to

protect him from harm. (Doc. No. 10)

This matter is before the Court on the Defendants' Motion for Summary Judgment on the

issue of Exhaustion, Brief in Support, and Statement of Facts (Doc. Nos. 25-27).   Plaintiff filed a

Response, Brief, and Statement of Facts in opposition to the Motion (Doc. Nos. 28-30).

### II.     Facts

Plaintiff alleged that he was working in the kitchen of his Unit on September 28, 2018

when he was "electrocuted" by a food hot box that was plugged into a faulty power outlet. (Doc.

No. 10, p. 5) He claimed that several other inmates and staff members were previously shocked

by the same outlet and that although it was reported several times, no prison officials addressed

2

the issue. (Id.) He claimed Defendant Johnson was responsible for daily checks on the equipment

and must have falsified documents indicating an on-site inspection that he failed to perform. (Id.,

p. 5) He also claimed Defendant Bailey failed to carry out his duties of delegating proper safety

analysis inspections. (Id.) Finally, he alleged both Defendants were notified of the issue prior to

the incident which caused him injury, yet failed to make the proper repairs. (Doc. No. 12, pp. 3-4)

## III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144

F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's Complaint based on his failure to exhaust

his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure,

Administrative Directive (AD) 14-16 (Doc. No. 25-2), and the Prison Litigation Reform Act

3

(PLRA), 42 U.S.C. § 1997e.   Defendants present the Declaration of Terri Grigsby Brown, inmate

grievance supervisor, who stated that the inmate grievance policy instructs inmates to specifically

name each individual involved and explains that exhaustion at all levels is necessary prior to filing

a § 1983 action. (Doc. No. 25-1, p. 2.)   The policy also requires that to exhaust a remedy, an

inmate must first file an informal resolution, followed by a formal resolution and ultimately an

appeal to the Chief Deputy/Deputy/Assistant Director. (Id., pp. 2-5) Grigsby reviewed Plaintiff's

grievance files and found that Plaintiff filed and exhausted one grievance based on the incident at

issue in his Complaint, GR-18-00981. (Id., pp. 5-6) However, Plaintiff did not file or exhaust any

grievances naming Defendants Johnson and Bailey. (Id., p. 6) Therefore, Defendants ask the Court

to dismiss Plaintiff's Complaint against them.

In response, Plaintiff stated that he fully exhausted his remedies by filing and exhausting a

grievance concerning the incident at issue, and clearly named "maintenance" and "kitchen staff"

in his grievance. (Doc. No. 29, p. 2) In addition, the Warden he referred to members of both of

those departments, Mr. Cox and Cpl. Hutchinson in his response. (Id.) Therefore, the issues were

addressed and placed members of both departments on notice of the possibility of a lawsuit. (Id.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the

United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion

clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731,

741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the

prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for

'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229

F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of

section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal

court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d

624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States

Supreme Court held that while the PLRA itself does not require that all defendants be specifically

named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that

define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency

holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v.

McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with

an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings."

Porter, 548 U.S. at 90-91.

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief

statement that is specific as to the substance of the issue or complaint to include the date, place,

personnel involved or witnesses," and to completely exhaust administrative remedies prior to filing

a lawsuit. (Doc. No. 25-2, pp. 5-6, 17)   Plaintiff never mentioned Defendants Johnson and Bailey in the grievance he filed and did not refer to their positions as Food Prep Supervisor and Maintenance Coordinator. Instead, he complained merely that "maintenance" was notified several times about the incident. (Doc. No. 25-4, p. 1) The Warden responded by stating that Plaintiff "advised Mr. Cox (Maintenance) on 09/28/18 that they (receptacles) were not working," and later advised Cox that they were working. (Id., p. 4) In addition, the Warden stated that Cpl. Hutchinson was notified of the incident in which Plaintiff was shocked. (Id.) On appeal, the Director reviewed the Warden's response and found the grievance without merit. (Id., p. 7) At no time during the grievance process did Plaintiff or any of the ADC officials refer to Defendants Johnson and Bailey by name or by their position.   In addition, Plaintiff admitted that he did not name them, but claimed that by referring to "Maintenance" or "Kitchen", the grievance sufficiently identified them for purposes of this lawsuit. The Court disagrees and finds that Plaintiff's Complaint against Defendants should be dismissed without prejudice, for failure to exhaust.

IV.     **Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 25) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 18th day of February, 2020.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

6